UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN SHREVE,<br><br>            Plaintiff,<br><br>     v.<br><br>OCWEN LOAN SERVICING, LLC, ONEWEST BANK, N.A., 1–10,<br><br>            Defendants. | **No.** 2:16-cv-01491-TLN-GGH<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiff Dean Shreve's ("Plaintiff") Notice and Motion for Relief from Notice of Voluntary Dismissal and Remand Action to Yolo Superior Court. (ECF No. 8.)

**I.     FACTUAL BACKGROUND**

On June 30, 2016, Defendant OneWest Bank, N.A. filed a Notice of Removal from Yolo Superior County to the Eastern District of California, based on a federal cause of action. (ECF No. 1-1.) Plaintiff contends that the Notice of Removal was "facially deficient" because OneWest Bank, N.A. ("OneWest") failed to state in its papers that it had the consent of Defendant Ocwen Loan Servicing ("Ocwen"). On or about July 2, 2016, Ocwen filed an Answer in Yolo County Superior Court. (*See* Def's Answer, ECF No. 8-2.)

Plaintiff alleges that after conferring with OneWest, on July 14, 2016, Plaintiff filed a

1

Notice of Dismissal without prejudice with this Honorable Court, believing the action in Yolo Superior Court would continue against the remaining Defendant Ocwen, since it never appeared in the federal court action, and failed to file any Joinder in the OneWest's notice of removal. (ECF No. 8 at 3.)  Plaintiff alleges that Ocwen now contends that there is no action against it in light of OneWest's notice of removal of the action to federal court and Plaintiff's dismissal of the federal action. Thus, Plaintiff seeks an order relieving him of the Notice of Voluntary Dismissal and vacating the Court's minute order dismissing the action, so that Plaintiff can file a Notice of Dismissal solely as to Defendant OneWest Bank, N.A. and so this Honorable Court can remand the action to Yolo Superior Court as to Ocwen.  (ECF No. 8.)

## II.   LEGAL STANDARD

Authority for relief from the voluntary Notice of Dismissal is provided by Fed. R. Civ. P. 60.  Rule 60(b) states that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . or (6) any other reason that justifies relief."  *See In re Hunter*, 66 F.3d 1002, 1004–05 (9th Cir. 1995) (holding that a voluntary dismissal is a final judgment, order, or proceeding and thus eligible for Rule 60(b) relief).  A Rule 60(b)(1) motion such as the one at issue must be filed within a reasonable time and in any event not more than one year after the judgment was entered.  *Pierce Associates, Inc. v. Nemours Foundation*, 865 F.2d 530, 548 (3d Cir. 1989).  "[W]hat is a reasonable time must depend to a large extent upon the particular circumstances alleged."  *Delzona Corporation v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959).

## III.   ANALYSIS

Due to the procedural posture of this case, the Court finds it necessary to first address whether the removal of this case to this Court was in fact effective, and if not, the effect of such on this Court's authority over this case and the parties.

Removal to federal court is governed by 28 U.S.C. section 1446.  "The first paragraph of § 1446(b) requires that a defendant's notice of removal 'be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

claim for relief upon which such action or proceeding is based.'" *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1186 (8th Cir. 2015) (quoting 28 U.S.C. § 1446(b)(1)). The statute requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action" and that each defendant "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." § 1446(b)(2)(A)–(B). "The Supreme Court long ago established, under a predecessor removal statute, that removal based on a federal question requires the unanimous consent of all defendants." *Griffioen*, 785 F.3d at 1186 (citing *Chi., Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)). This rule was codified in the 2011 amendments to § 1446. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112–63, § 103, 125 Stat. 758, 760 (codified as amended at 28 U.S.C. § 1446). When fewer than all defendants have joined the notice of removal, the burden is on the removing defendants to explain the absence of the other defendants. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds*. Absent such explanation, removal notice is "facially deficient" and defect must be cured within 30 days to avoid remand. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, there is no evidence of consent to removal by Defendant Ocwen. Ocwen did not join OneWest's motion for removal. Nor has Ocwen appeared in this Court, but instead has filed its answer in Yolo County Superior Court. Said answer in the superior court was filed a few days after OneWest filed for removal of this matter to this Court. In light of these facts, this Court cannot find that removal in this matter was effective. Thus, the Court finds that it was in error in granting voluntary dismissal of this matter, and hereby VACATES its Order on July 14, 2016, (ECF No. 7) granting voluntary dismissal.

### IV.  CONCLUSION

For the foregoing reasons, the Court finds that removal was ineffective and thus VACATES its Order on July 14, 2016 (ECF No. 7) granting voluntary dismissal and REMANDS this matter to state court. In light of this Court's ruling, Plaintiff's pending Motion to Reconsider

(ECF No. 8) is GRANTED and Plaintiff's Motion to Shorten Time for his Motion for Relief from Notice of Voluntary Dismissal (ECF No. 9) is hereby DENIED AS MOOT.

    IT IS SO ORDERED.

Dated: August 31, 2016

                                            Troy L. Nunley
                                            United States District Judge